UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DUSTON SCHARBROUGH**, *et al.*, | : |
| **Plaintiff,** | : Case No. 2:20-cv-4527 |
| v. | : **Chief Judge Algenon L. Marbley** |
| | : **Magistrate Judge Chelsey M. Vascura** |
| **SOUTH CENTRAL OHIO JOB AND FAMILY SERVICES**, *et al.*, | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter is before this Court on Plaintiffs' Motion for Reconsideration (ECF No. 37) of this Court's Opinion & Order (ECF No. 34) granting in part and denying in part Defendants' Motion to Dismiss. For the following reasons, Plaintiffs' Motion is **DENIED**.

### I. BACKGROUND

This case arises from a series of interactions between Plaintiffs Duston and Cyndi Scharbrough and the child protective services apparatus in Ross County, Ohio, beginning in 2017. (ECF No. 34 at 1). Plaintiffs allege the South Central Ohio Job and Family Services ("SCOJFS") agency in Ross County, as well as several of its employees, violated their rights under federal and state law over the course of an investigation concerning their child, L.S. (ECF No. 34 at 1). Specifically, Plaintiffs raised concerns about conflicts of interest and the sufficiency of SCOJFS's investigation. (ECF No. 1 at ¶¶ 82, 116–17, 119–20). Plaintiffs submitted three formal complaints to SCOJFS between 2018 and 2020. (*Id.*, ¶¶ 87, 132, 180). They also submitted two complaints to the Ohio Department of Jobs and Family Services, Office of Families and Children ("ODJFS-OFC"). (*Id.*, ¶¶ 89, 132). Plaintiffs initiated this action on September 1, 2020. (ECF No. 1).

1

In November 2020, Defendants collectively moved to dismiss Plaintiffs' Complaint. (*See* ECF No. 13). After response and reply briefs were timely submitted, this Court granted in part and denied in part Defendants' Motion. (*See generally* ECF No. 34). In so ruling, and as relevant here, this Court held Plaintiffs had not offered any allegations that Defendant caseworker Jennifer Mills supervised anyone and thus a claim for supervisory liability has not been adequately pled against her. (*Id*. at 58). Accordingly, this Court granted Defendant Mills' motion to dismiss Count IV of the Complaint against her. (*Id*.). Of the seven supervisory liability claims in the Complaint, this Court dismissed only three, including that levied against Defendant Mills. (*Id*. at 51–58).

In the days following this Court's Opinion and Order, the Magistrate Judge granted in part Plaintiffs' Motion to Amend, making it clear, however, that Plaintiffs were not permitted to re-assert causes of action this Court already dismissed. (*See generally* ECF No. 35). Shortly thereafter, Plaintiffs filed an Amended Complaint, which omitted all claims against Defendant Mills. (*See generally* ECF No. 36).

On June 15, 2021, Plaintiffs filed the instant Motion requesting this Court reconsider its decision and reinstate the supervisory liability claim asserted against Defendant Mills. (*See generally* ECF No. 37). Plaintiffs assert reconsideration is appropriate to correct a clear error and to prevent manifest injustice. (*Id*.). Plaintiffs' Motion was timely filed within twenty-eight (28) days of the Clerk's entry of judgment. Defendants responded to Plaintiffs' Motion on July 6, 2021 (ECF No. 40) and Plaintiffs timely replied (ECF No. 42), making the Motion ripe for review.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision under "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling

2

law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). Additionally, a court may alter or amend a judgment "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, reconsideration "may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). "Relief under Rule 59(e) . . . is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *McFarlane v. Warden, Chillicothe Corr. Inst.*, 2019 WL 3501531, at *1 (S.D. Ohio Aug. 1, 2019).

### III. LAW & ANALYSIS

Plaintiffs do not identify any error of law, newly discovered evidence not previously available, or an intervening change in controlling law. (*See* ECF Nos. 37, 42). Rather, Plaintiffs argue reconsideration is appropriate to avoid manifest injustice as they mistakenly did not specify who Defendant Mills supervised in their initial Complaint. (ECF No. 37 at 3). Plaintiffs maintain they have discovery material that identifies Defendant Mills as Defendant Lightle's supervisor on July 21, 2020, when Defendants Mills and Lightle searched Plaintiffs' shared apartment. (*Id.*). Accordingly, say Plaintiffs, dismissal of Count IV against Defendant Mills is premature and would result in a manifest injustice. (*Id.*).

In response, Defendants assert it was not clear error for the Court to determine a claim for supervisory liability against Defendant Mills was not properly pled where Plaintiff failed to specify for whose allegedly unconstitutional acts Mills should be liable. (ECF No. 40 at 2). Moreover, say Defendants, the dismissal of Count IV as to Defendant Mills does not create a manifest injustice, as this alleged error was not "'direct, obvious, and observable[.]'" (*Id.* (quoting *Bradley J. Delp Revocable Trust Dated Jan. 8, 1992 v. MSJMR 2008 Irrevocable Trust Dated Dec. 31, 2008*, 665

3

Fed. Appx. 514, 530 (6th Cir. 2016))). Ultimately, Defendants argue reconsideration would effectively be giving Plaintiffs "a third bite of the apple." (*Id.*).

In reply, Plaintiffs assert they have not had an opportunity to correct any deficiencies identified by this Court's Opinion and Order, given the timing of their Motion to Amend. (ECF No. 42 at 2). Furthermore, Plaintiffs argue reconsideration is appropriate and will prevent further delay, as they plan to request reconsideration again, after exchange of discovery material that clearly shows Defendant Mills' role as Defendant Lightle's supervisor. (*Id.* at 3).

As highlighted above, Courts should grant reconsideration "sparingly." *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at *2 (S.D. Ohio 2006). Moreover, "[r]econsideration due to a finding of manifest injustice or a clear error of law requires unique circumstances, such as complete failure to address an issue or claim." *McWhorter*, 2006 WL 3483964, at *2. Ultimately, "[a] motion under Rule 59(e) may not be brought to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Morningstar v. Circleville Fire & EMS Dep't*, No. 2:15-CV-3077, 2018 WL 2938356, *1 (S.D. Ohio June 12, 2018) (citing *J.P. v. Taft*, No. C2-04-692, 2006 WL 689091 *3 (S.D. Ohio Mar. 15, 2006)).

In ruling on Defendants' Motion to Dismiss, this Court held that because Plaintiffs were required to allege facts that indicate the SCOJFS supervisors at least implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct, and there were no allegations Defendant Mills supervised anyone, a claim for supervisory liability was not adequately pled against her. (*See* ECF No. 34 at 51, 58). Where Plaintiffs adequately pled supervisory liability claims against other SCOJFS supervisors, such as Defendant Sparks, this Court allowed those claims to proceed. (*Id.* at 55). But, Plaintiff cannot now come to this Court

4

asking it to rethink a decision its already made. *See Beamer v. Bd. of Crawford Twp. Trs.*, 2:09-cv-213, 2010 WL 1253908, * 5 (6th Cir. 2010).

Despite Plaintiffs' arguments to the contrary, there is no indication the evidence at issue was unavailable when Plaintiffs filed their Complaint. And "[a] party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 Fed. Appx. 473, 476 (6th Cir. 2014); *see also Gen. Corp., Inc.*, 178 F.3d at 834 ("To constitute newly discovered evidence, the evidence must have been previously unavailable."). The Sixth Circuit has explained that "a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment." *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).

## IV.   CONCLUSION

Accordingly, as there are no "unique circumstances" necessitating reconsideration and the evidence at issue was not unavailable when Plaintiffs filed their Complaint, the Court declines to reconsider its prior decision. Plaintiffs' Motion for Reconsideration (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: February 28, 2022**